UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| IN RE: | ) | |
|---|---|---|
| | ) | |
| Citation Corporation, et al., | ) | Case No. 04-08130-TOM-11 |
| | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |
| | ) | |

MEMORANDUM OPINION AND ORDER DENYING MOTION FOR SECURITY
OR OTHER ASSURANCE OF PAYMENT OF ADMINISTRATIVE EXPENSES

This matter is before the Court on the Motion for Security or Other Assurance of Payment of Administrative Expenses (the "Motion") (docket no. 2885) filed by Miller Buckfire & Co., LLC ("Miller Buckfire"), the Objection to Motion (the "Objection") (docket no. 2898) filed by Citation Corporation (the "Reorganized Debtor") and the Reply Memorandum In Support of the Motion (docket no. 2899) filed by Miller Buckfire. This Court has jurisdiction under 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Court has considered the pleadings and the law and finds and concludes as follows.[1]

Miller Buckfire filed an application for employment as the Debtors' financial advisors and investment bankers on October 1, 2004 (the "Application to Employ") (docket no. 161). Numerous objections to the application were filed.[2] The Court entered an order[3] on December 29, 2004 that

---

[1] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to contested matters in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Bankruptcy Procedure 9014.

[2] Objections were filed by Alabama Gas Corporation (docket no. 350), the Unsecured Creditors' Committee (docket no. 412), the Bankruptcy Administrator (docket no. 460) and JP Morgan Chase Bank (docket no. 535).

[3] See Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a) Authorizing Employment and Retention of Miller Buckfire Lewis Ying & Co., LLC as Financial Advisor and

1

sustained in part and denied in part each of the objections and authorized the employment of Miller Buckfire. The order provided that should Miller Buckfire seek a sale transaction fee, Miller Buckfire would be required to file a separate application. The Debtors chapter 11 cases were confirmed on May 18, 2005. Miller Buckfire did not object to confirmation. Miller Buckfire filed its Fifth and Final Application for Allowance of Compensation and Reimbursement of Expenses (the "Application") (docket no. 2126) on July 15, 2005. In the Application, Miller Buckfire sought a restructuring fee, as defined in the Application to Employ, of $3.5 million. Objections were filed by the Reorganized Debtor (docket no. 2322), JP Morgan Chase Bank (docket no. 2330), and the Bankruptcy Administrator (docket nos. 2332-2333). A hearing on the Application and the objections was held on October 17, 2005. This Court entered its Memorandum Opinion and Order (the "Final Fee Order") (docket no. 2657) on February 17, 2006 and reduced the fees and expenses awarded. Miller Buckfire appealed the Final Fee Order on February 24, 2006 (docket no. 2661). On September 15, 2006, the United States District Court for the Northern District of Alabama issued its Memorandum Opinion (the "District Court Order") (docket no. 2857) reversing and remanding the matter back to this Court. On September 20, 2006, the Reorganized Debtor filed its notice of appeal of the District Court Order. The United States Court of Appeals of the Eleventh Circuit, sua sponte, raised the issue of whether the District Court Order was immediately appealable. In response, Miller Buckfire and the Debtors submitted a Stipulation and Agreed Order (docket no. 2875) that provided that this Court would not consider the remand until the Eleventh Circuit issued an order on the pending appeal. The Court signed the Stipulation and Agreed Order on October 18, 2006 (the "Agreed Order") (docket no. 2876). The Agreed Order specifically reserved Miller

---

Investment Banker to the Debtors (docket no. 789).

Buckfire's right to request that security or other assurances of payment be provided and reserved the Reorganized Debtor's right to object to the same. On October 31, 2006, Miller Buckfire filed its Motion (as described above) seeking security or other assurance of payment.

At the outset, the parties raise certain jurisdiction issues in the Motion and the Objection. Specifically, Miller Buckfire cites to Rule 8005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for support for its position that this Court can order security. The Reorganized Debtor argues that the controlling rule is Bankruptcy Rule 8017 and that this Court has no jurisdiction to grant relief to Miller Buckfire while the appeal of the District Court Order is pending. Neither party is seeking a stay pending appeal, the issue that Bankruptcy Rules 8005 and 8017 address. It appears to this Court that the relief Miller Buckfire seeks, security or other assurance of payment, is based upon language in the Debtors' plan and the order confirming the plan and not related to the appeal. Accordingly, neither rule seems applicable.

Miller Buckfire cites to Section 7.3 of the Debtors' Third Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code in asking this Court to order the Reorganized Debtor to provide security. Section 7.3 provides that the "Disbursing Agent will not be required to give any bond or surety or other security for the performance of its duties unless otherwise ordered by the Bankruptcy Court." The provision for security is written in the negative with the presumption against requiring security. While this Court could order the Disbursing Agent to post security pursuant to the Section 7.3 of the plan, paragraph 28 of Order Confirming Debtors' Third Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code (docket no. 1843), and Section 1142 of the Bankruptcy Code, the Court is not persuaded that such action is appropriate at this time.

3

Miller Buckfire's main basis for requesting security is based upon the alleged declining financial condition of the Reorganized Debtor.[4] Miller Buckfire cited *In re Wheeling-Pittsburgh Steel Corp.*, 123 B.R. 18 (Bankr. W.D. Pa. 1990) for the proposition that security should be provided, given the financial circumstances of the Reorganized Debtor. In *Wheeling-Pittsburgh Steel*, the court overruled an objection to confirmation denying a large, unliquidated, administrative claimant's request that either plan confirmation be delayed until the claim was liquidated or for security in an amount equal to the maximum amount the debtors could be liable for in the pending liquidation. Id. The court noted that confirmation should be denied if an unliquidated claim was of such a magnitude as to either disrupt or render impossible the distributions contemplated by the plan or necessitate a further reorganization. Id. at 19. The evidence, however, showed that the total liability would not substantially impair the debtors' operations or require a further reorganization even if the creditor prevailed and the maximum liability was imposed. Id. at 20. Miller Buckfire is not similarly situated with the creditor in *Wheeling-Pittsburgh Steel*. Miller Buckfire has not argued that a 100% recovery of its fee would make distributions impossible or necessitate a further reorganization. Miller Buckfire did not apparently have a concern at confirmation because it did not object to the plan. Miller Buckfire cites to *Wheeling-Pittsburgh Steel's* dicta stating that if the claim was fixed, security would be required, in support of its request for security. Id. at 20. Like the administrative creditor in that case, Miller Buckfire's claim remains unliquidated.

In this Court's view, Miller Buckfire's request is somewhat late and perhaps filed only because the Reorganized Debtor appealed a decision favorable to Miller Buckfire. As noted above,

---

[4]In their Objection, the Reorganized Debtor requests a hearing on the factual allegations contained in the Motion if the Court declined to deny the Motion. The Court's ruling is based on facts not in dispute and thus no hearing will be held.

Miller Buckfire did not object to confirmation of the Plan and did not seek security or an escrow at that time. The request for security was not filed when the initial appeal was filed and in fact was not filed until more than 17 months after confirmation. The Court understands that the parties may not have anticipated the delay caused due to the pending appeal; however, Miller Buckfire instituted the appeal process and, even then, waited more than 8 months after filing the notice of appeal to file its Motion. Additionally, regardless of any alleged change in financial condition, Miller Buckfire, by its own admission, has "extensive experience in providing financial advisory and investment banking services to financially distressed companies...both in and out-of-court." See Exhibit A to Application to Employ at p. 3. Miller Buckfire is familiar with bankruptcy court proceedings and knows the risks it assumes, including bankruptcy court oversight and approval of fees and expenses, when dealing with financially distressed companies. This is not Miller Buckfire's first trip to Bankruptcy Court, and in fact in the affidavit filed in support of the Application to Employ, Miller Buckfire cites numerous bankruptcy cases it has been involved in. See Exhibit A to Application to Employ at p. 3. The risk of non-payment is one that Miller Buckfire is familiar with and assumed, whether it be due to an administratively insolvent company or due to a conversion to a chapter 7 or complete liquidation either in chapter 7 or chapter 11.[5] From the outset, this Court made it clear that it had reservations regarding any success fee/transaction fee. Miller Buckfire, unhappy with the fee award set forth in the Final Fee Order, cannot now ask for security while the appeal process, which it initiated, runs its course. Further, the Court is concerned that granting the relief requested in the Motion could open the floodgates and numerous unsecured claimants awaiting distribution

---

[5]In the order authorizing retention, the Court ordered that Miller Buckfire was not to receive a restructuring fee if the case converted to chapter 7 or liquidated under chapter 7 or chapter 11.

(unsecured claimants have only received interest on their claims to date) might be compelled to file motions for security. For the reasons set forth above, the Court declines to order the Reorganized Debtor to provide security to Miller Buckfire.

Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that the Motion is **DENIED**.

Dated this the 21st day of December, 2006.

_____
TAMARA O. MITCHELL
United States Bankruptcy Judge

6